TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00442-CR







Rene Adame, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY,


NO. 529,167, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING






 A jury found appellant Rene Adame guilty of the offense of driving while intoxicated
(DWI), first offense. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2001). The trial judge assessed
punishment at ninety days in jail and a $2,000 fine, suspended imposition of the sentence except
$500 of the fine, and placed appellant on community supervision for two years. Raising two issues,
appellant contends that (1) the trial court erred in overruling his motion to suppress evidence because
the arresting officer lacked the necessary reasonable suspicion to stop him and (2) the evidence is
factually insufficient to support his conviction. We will affirm the conviction. 


Background


 On February 28, 1999, at about 10:40 p.m., Department of Public Safety Officer
Donald Lundy was patrolling the north area of Loop 1 (MoPac) in his marked DPS patrol car. The
speed limit was 65 miles per hour, traffic was light, and Lundy was traveling about 45 miles per hour
in the far right lane. Lundy noticed appellant pass him and suspected that appellant was traveling
more than 65 miles per hour. Lundy began pacing appellant and believed appellant was traveling
between 66 and 68 miles per hour. Lundy observed that appellant had difficulty negotiating a long
curving portion of the highway. The speed limit along the curve was 65 miles per hour and Lundy
observed appellant speed, and without signaling, straddle the lane divider between the center lane
and the inside left lane for about a tenth of a mile. Lundy followed appellant for about one and one-half miles before signaling him to stop. When Lundy approached appellant's truck he noticed the
distinct odor of alcoholic beverage coming from the truck. Lundy suspected that appellant had been
drinking and asked appellant to step out of the truck. Lundy conducted the standard Horizontal Gaze
Nystagmus (HGN) test and two other field sobriety tests. Based on appellant's actions during these
tests, Lundy believed appellant was intoxicated and arrested him for DWI. 

 Appellant filed a pretrial motion to suppress, contending that the initial stop was not
lawful and, therefore, all evidence of his intoxication gained as a result of the stop should be
excluded. The trial court denied appellant's motion to suppress. 

 At trial, to prove intoxication the State presented Lundy's testimony and a videotape
Lundy made during appellant's roadside detention and trip to the police station in the patrol car. 
While Lundy testified about most of the circumstances that are reflected in the videotape, the
videotape does not reflect all of his observations. Lundy testified about observing appellant speeding
slightly along a curving portion of the highway and straddling a lane divider for about a tenth of a
mile before he turned on the videotape machine. Additionally, Lundy testified that after he and
appellant reached the police station, appellant told him that he did not think that he would pass the
breath test. (1) The jury found appellant guilty of the offense of DWI. 


Discussion


Reasonable Suspicion to Stop

 Appellant first contends that the trial court erred in overruling his pretrial motion to
suppress because Lundy did not have the requisite reasonable suspicion when he stopped appellant. 
Specifically, appellant contends that Lundy should not have stopped him because Lundy did not note
appellant's exact speed and also appellant was traveling within DPS speed tolerances.

 The appropriate standard of review for a suppression ruling is a bifurcated review,
giving almost total deference to the trial court's findings of fact, but conducting a de novo review
of the court's application of law to those facts. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000) (citing Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)); Guzman
v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1999). 

 Police officers may stop and briefly detain persons suspected of criminal activity
on less information than is constitutionally required for probable cause to arrest. Terry v. Ohio,
392 U.S. 1, 22-26 (1968); Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). To
justify the investigative detention, the individual officer must have a reasonable suspicion that
"some activity out of the ordinary is occurring or had occurred, some suggestion to connect the
detained person with the unusual activity, and some indication that the activity is related to a
crime." Terry, 392 U.S. at 21-22; Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App.
1983); Harris v. State, 913 S.W.2d 706, 708 (Tex. App.--Texarkana 1995, no pet.). The officer
must have specific articulable facts which, in light of his experience and personal knowledge,
together with inferences from those facts, would reasonably warrant the intrusion on the freedom
of the person detained for investigation. Terry, 392 U.S. at 30; Woods v. State, 956 S.W.2d 33,
38 (Tex. Crim. App. 1997); Comer v. State, 754 S.W.2d 656, 657 (Tex. Crim. App. 1986);
Johnson, 658 S.W.2d at 626. 

 The reasonableness of a temporary stop turns on the "totality of the circumstances"
in each case. Illinois v. Gates, 462 U.S. 213, 230-31 (1983); Shaffer v. State, 562 S.W.2d 853,
855 (Tex. Crim. App. 1978); Davis v. State, 794 S.W.2d 123, 125 (Tex. App.--Austin 1990, pet.
ref'd). Reasonable suspicion, like probable cause, is dependent upon both the content of the
information possessed by the police and its degree of reliability. Alabama v. White, 496 U.S.
325, 330 (1990). "Both factors--quantity and quality--are considered in the totality of the
circumstances--the whole picture . . . must be taken into account when evaluating whether there
is reasonable suspicion." Id. (citing United States v. Cortez, 449 U.S. 411, 417 (1981)); see also
Carmouche, 10 S.W.3d at 328-29; Reynolds v. State, 962 S.W.2d 307, 311 (Tex. App.--Houston
[14th Dist.] 1998, pet. ref'd). 

 Appellant argues that the stop was unlawful because Lundy could not testify about
the exact speed appellant was traveling. This argument was addressed specifically in Dillard,
when the court stated, "we disagree with appellant's contention that unless [the officer] knew the
exact speed which the automobile was traveling, no violation occurred." Dillard v. State, 550
S.W.2d 45, 53 (Tex. Crim. App. 1977). Further, appellant argues that because Lundy believed
that appellant was traveling within DPS speed tolerances the stop was unlawful. When
determining whether a stop was objectively reasonable, law enforcement practices and policies
are irrelevant.


As long as an actual violation occurs, law enforcement officials are free to enforce
the laws and detain a person for that violation, regardless of whatever the usual
practices or standards of the local law enforcement agency are regardless of the
officer's subjective reasons for the detention. Thus, the appropriate limitation of
an officer's discretion, under the Fourth Amendment, is the existence of a law and
the actual commission of the offense. 



Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). 

 If an officer has a reasonable basis for suspecting that a person has committed a
traffic offense, the officer may initiate a traffic stop. Whren v. United States, 517 U.S. 806, 810
(1996); McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). An operator may not
drive at a speed greater than is reasonable and prudent under the existing circumstances. Tex.
Transp. Code Ann. § 545.351 (West Supp. 2001). "A speed in excess of the established limits
is prima facie evidence that the speed is not reasonable and prudent and that the speed is
unlawful." Tex. Transp. Code Ann. § 545.352 (West Supp. 2001). 

 Finally, appellant argues that his lane straddling was similar to the defendant's lane
straddling in Hernandez v. State, 983 S.W.2d 867, 870 (Tex. App.--Austin 1998, no pet.). We
disagree. In Hernandez, the officer observed the defendant briefly drift across the lane marker
and the drifting was the only circumstance known to the officer when he stopped the defendant. 
The brief drift across the lane divider alone was held to be insufficient to warrant the stop. 

 Here, the circumstances observed by Lundy included pacing appellant above the
speed limit for about one and one-half miles. On this basis alone, Lundy had a reasonable and
articulable basis for believing that appellant committed a traffic violation, speeding. Dillard, 550
S.W.2d at 53. Additionally, Lundy observed appellant straddling lanes for about a tenth of a
mile. Based on the totality of the circumstances, we hold that Lundy had a reasonable suspicion
of unlawful activity, a traffic violation, and lawfully stopped appellant. Appellant's first issue is
overruled.


Factual Sufficiency


 Appellant also contends that the evidence is factually insufficient to sustain his
conviction because the evidence of appellant's intoxication was "so weak as to undermine
confidence in the jury's verdict." (2) 

 We review all of the evidence for factual sufficiency in a neutral light. Johnson
v. State, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000). If a party attacks the factual sufficiency of
an adverse finding on an issue for which he did not have the burden of proof, he must show that
there is insufficient evidence of the adverse finding. In reviewing such a challenge, the court of
appeals must first consider, weigh and examine all of the evidence that supports and that is
contrary to the jury's determination. Id. Having done so, the appellate court should set aside the
verdict only if the evidence supporting the adverse finding standing alone is so weak as to be
clearly wrong and manifestly unjust. Id. 

 To prove intoxication at trial, the State offered Lundy's testimony and the videotape
made during appellant's roadside detention and ride in the patrol car to the police station. 
Appellant argues that "what makes the jury's verdict clearly wrong and unjust . . . is what is
revealed, or not revealed, on the videotape." Appellant contends that because neither his lane
straddling nor his statement to Lundy that he thought he would fail a breath test were recorded
on the videotape, the evidence is factually insufficient to support the jury's finding that he was
intoxicated. 

 Simply because appellant's lane straddling and statement that he thought he would
fail a breath test did not appear in the videotape did not render Lundy's testimony regarding these
facts incredible or necessarily undermine confidence in the jury's verdict. If we did reach the
conclusion urged by appellant, we would be intruding upon the jury's fact-finding role as the sole
judge of the weight and credibility to be given the evidence presented. Moreover, the videotape
was not clearly exculpatory evidence as appellant urges. It shows appellant's impaired balance
at a couple of points: (1) when appellant leaned on his truck for support while Lundy was
instructing him on the walk-and-turn test; and (2) when appellant momentarily lost his balance
when performing the walk-and-turn test. Additionally, it shows appellant moving his head during
the HGN test. 

 The proof of intoxication is not so obviously weak as to undermine confidence in
the jury's verdict. We hold that the evidence is factually sufficient to support the conviction. 
Appellant's second issue is overruled.


Conclusion


 We affirm the conviction.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: April 12, 2001

Do Not Publish
1.   Appellant declined to give a breath sample.
2.   Appellant concedes that Lundy's testimony alone was legally sufficient to sustain the
conviction. 



the
speed limit for about one and one-half miles. On this basis alone, Lundy had a reasonable and
articulable basis for believing that appellant committed a traffic violation, speeding. Dillard, 550
S.W.2d at 53. Additionally, Lundy observed appellant straddling lanes for about a tenth of a
mile. Based on the totality of the circumstances, we hold that Lundy had a reasonable suspicion
of unlawful activity, a traffic violation, and lawfully stopped appellant. Appellant's first issue is
overruled.


Factual Sufficiency


 Appellant also contends that the evidence is factually insufficient to sustain his
conviction because the evidence of appellant's intoxication was "so weak as to undermine
confidence in the jury's verdict." (2) 

 We review all of the evidence for factual sufficiency in a neutral light. Johnson
v. State, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000). If a party attacks the factual sufficiency of
an adverse finding on an issue for which he did not have the burden of proof, he must show that
there is insufficient evidence of the adverse finding. In reviewing such a challenge, the court of
appeals must first consider, weigh and examine all of the evidence that supports and that is
contrary to the jury's determination. Id. Having done so, the appellate court should set aside the
verdict only if the evidence supporting the adverse finding standing alone is so weak as to be
clearly wrong and manifestly unjust. Id. 

 To prove intoxication at trial, the State offered Lundy's testimony and the videotape
made during appellant's roadside detention and ride in the patrol car to the police station. 
Appellant argues that "what makes the jury's verdict clearly wrong and unjust . . . is what is
revealed, or not revealed, on the videotape." Appellant contends that because neither his lane
straddling nor his statement to Lundy that he thought he would fail a breath test were recorded
on the videotape, the evidence is factually insufficient to support the jury's finding that he was
intoxicated. 

 Simply because appellant's lane straddling and statement that he thought he would
fail a breath test did not appear in the videotape did not render Lundy's testimony regarding these
facts incredible or necessarily undermine confidence in the jury's verdict. If we did reach the
conclusion urged by appellant, we would be intruding upon the jury's fact-finding role as the sole
judge of the weight and credibility to be given the evidence presented. Moreover, the videotape
was not clearly exculpatory evidence as appellant urges. It shows appellant's impaired balance
at a couple of points: (1) when appellant leaned on his truck for support while Lundy was
instructing him on the walk-and-turn test; and (2) when appellant momentarily lost his balance
when performing the walk-and-turn test. Additionally, it shows appellant moving his head during
the HGN test. 

 The proof of intoxication is not so obviously weak as to undermine confidence in
the jury's verdict. We hold that the evidence is factually sufficient to support the conviction. 
Appellant's sec